UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER A. STANTON,

    Plaintiff,

    v.                                CAUSE NO. 3:20-CV-640-DRL-MGG

JOHN GALIPEAU, et al.,

    Defendants.

## OPINION AND ORDER

Christopher A. Stanton, a prisoner without a lawyer, initiated this case by filing an unsigned complaint. ECF 1. He then filed a signed complaint, but shortly thereafter sought to amend that complaint by interlineation. ECF 6; ECF 10. Mr. Stanton was granted an opportunity to file a single amended complaint raising all of his claims against all of the defendants he wished to sue here. ECF 11. In response, he filed another unsigned complaint. ECF 12. On February 10, 2020, this court granted Mr. Stanton one more opportunity to produce a signed, amended complaint containing all of his claims. ECF 13. He was cautioned that, if he did not file a signed amended complaint, this case would proceed based on the only signed complaint (ECF 6) that has been filed in this case. His amended complaint is not due until March 10, 2021 and has not yet been filed. However, a week after granting him leave to amend, Mr. Stanton filed a motion seeking a preliminary injunction. ECF 14.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of

persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

As to the first prong, "the applicant need not show that it definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). As to the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

"Mandatory preliminary injunctions – those requiring an affirmative act by the defendant – are ordinarily cautiously viewed and sparingly issued [because] review of a preliminary injunction is even more searching when the injunction is mandatory rather than prohibitory in nature." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted). Additionally,

> [t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials

have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted).

Mr. Stanton alleges that, since March 6, 2020, he has resided in a cell where the toilet and sink have black mold. He has scrubbed them with a soft brush and wiped them with a germicide, but the mold keeps returning. He alleges that he has health problems and that the mold is making those health problems worse. He does not describe the nature of the health problems or how the black mold has impacted him. He does, however, claim that the mold will kill him if he does not get help. He asks the court to order the defendants to apply pure chlorine to the moldy areas for forty-five minutes to an hour and then scrub the areas with a wire brush. These allegations are insufficient to demonstrate either a likelihood of success on the merits or irreparable harm. Mr. Stanton has not demonstrated that the drastic remedy of a preliminary injunction is warranted.

For these reasons, the motion for preliminary injunction (ECF 14) is DENIED.

SO ORDERED.

February 18, 2021                                                           *s/ Damon R. Leichty*
                                                                            Judge, United States District Court