UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER A. STANTON,<br><br>Plaintiff,<br><br>v.<br><br>JOHN GALIPEAU, *et al.*,<br><br>Defendants. | CAUSE NO. 3:20-CV-640-DRL-MGG |

<u>OPINION AND ORDER</u>

Christopher A. Stanton, a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 16.) Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. The court bears in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Stanton complains about the conditions of confinement at Westville Correctional Facility. Specifically, he claims that since May 2020, he has had to go as long as two months wearing the same prison uniform, that there is frequently no hot water in the showers which limits his ability to clean himself, and that his cell has "black mold" growing in it. He claims that he is given only a minimal amount of cleaning supplies and

it is not strong enough to remove the mold. He believes these conditions are having ill effects on his health.

In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate clothing, hygiene, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). "Some conditions of confinement may establish an Eighth Amendment violation in combination when each alone would not do so." *Gillis*, 468 F.3d at 493. Additionally, "[a]n adverse condition of confinement, if endured over a significant time, can become an Eighth Amendment violation even if it would not be impermissible if it were only a short-term problem." *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834.

Giving Mr. Stanton the inferences to which he is entitled at this stage, he has satisfied the objective prong. The conditions he describes might not rise to the level of an Eighth Amendment violation on their own, particularly if they were of a short duration. However, Mr. Stanton describes a situation that has been ongoing for nearly a year, wherein he cannot change his clothing regularly or take a shower long enough to get himself clean, combined with being housed in unsanitary conditions that he is unable to

remedy due to a lack of adequate cleaning supplies. He does not go into detail, but alleges that these conditions are harming his health.

On the subjective prong, he claims that as far back as June 2020, he has been complaining directly to Warden John Galipeau, Captain Gary Lewis, Unit Team Manager John Salyer, Unit Team Manager Sonnenberg (first name unknown), Deputy Warden Gann (first name unknown), and Ms. Johnston (first name unknown), who is in charge of sanitation in his unit; but, as of the filing of the complaint in February 2021, the conditions had not been remedied. He claims that these individuals each hold some responsibility for addressing the issues with the clothing, showers, and cleanliness of the cells. He will be permitted to proceed against these defendants on a claim for monetary damages. It can be discerned that he is also seeking injunctive relief related to having these conditions remedied. The Warden in his official capacity is an appropriate person to ensure that Mr. Stanton is incarcerated under sanitary living conditions in accordance with the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). He will be permitted to proceed on a claim against the Warden in his official capacity for permanent injunctive relief.

He also sues Grievance Officer John Harvill for allegedly mishandling the grievances he filed about these conditions, but this does not give rise to an independent constitutional claim. *Daniel v. Cook Cty.*, 833 F.3d 728, 736 (7th Cir. 2016). The Constitution does not require that prisons provide a grievance procedure at all, nor does the existence of an internal complaint procedure create any constitutionally guaranteed rights. *Id.* Mr. Stanton does not allege, nor is there any plausible basis to infer, that the grievance officer

somehow created these conditions, that he was personally responsible for cleaning inmates' cells, fixing the showers, and giving inmates clothing, or that he stood in the way of these issues being resolved by the responsible staff members. "The most one can say is that [he] did nothing, when [he] might have gone beyond the requirements of [his] job and tried to help him." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). This does not state a claim under section 1983. *Id.* Accordingly, the grievance officer will be dismissed.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Warden John Galipeau, Captain Gary Lewis, Unit Team Manager John Salyer, Unit Team Manager Sonnenberg (first name unknown), Deputy Warden Gann (first name unknown), and Ms. Johnston (first name unknown) in their personal capacities for monetary damages for denying the plaintiff adequate clothing, showers, and sanitation in violation of the Eighth Amendment;

(2) GRANTS the plaintiff leave to proceed against Warden John Galipeau in his official capacity for permanent injunctive relief related to providing the plaintiff with adequate clothing, showers, and sanitary living conditions as required by the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES John Harvill as a defendant;

(5) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on)

Warden John Galipeau, Captain Gary Lewis, Unit Team Manager John Salyer, Unit Team Manager Sonnenberg (first name unknown), Deputy Warden Gann (first name unknown), and Ms. Johnston (first name unknown), and to send them a copy of this order and the amended complaint pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service, to the extent such information is available;

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Warden John Galipeau, Captain Gary Lewis, Unit Team Manager John Salyer, Unit Team Manager Sonnenberg (first name unknown), Deputy Warden Gann (first name unknown), and Ms. Johnston (first name unknown) respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

April 29, 2021              *s/ Damon R. Leichty*
                            Judge, United States District Court