UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER A. STANTON,

    Plaintiff,

  v.

JOHN GALIPEAU *et al.*,

    Defendants.

CAUSE NO. 3:20-CV-640 DRL-MGG

<u>OPINION AND ORDER</u>

Christopher A. Stanton, a prisoner without a lawyer, is proceeding in this case on two claims. ECF 17. He is proceeding "against Warden John Galipeau, Captain Gary Lewis, Unit Team Manager John Salyer, Unit Team Manager Sonnenberg (first name unknown), Deputy Warden Gann (first name unknown), and Ms. Johnston (first name unknown) in their personal capacities for monetary damages for denying the plaintiff adequate clothing, showers, and sanitation in violation of the Eighth Amendment[.]" *Id.* at 4. He is also proceeding "against Warden John Galipeau in his official capacity for permanent injunctive relief related to providing the plaintiff with adequate clothing, showers, and sanitary living conditions as required by the Eighth Amendment[.]" *Id.* The defendants moved for summary judgment, arguing Mr. Stanton did not exhaust his administrative remedies before filing suit. ECF 27. Mr. Stanton filed a response, and the defendants filed a reply. ECF 31, 32. The summary judgment motion is fully briefed and ripe for ruling.

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). However, inmates are only required to exhaust administrative remedies that are available. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears on paper but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered available. *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

2

Mr. Stanton is proceeding against the defendants in this case on two claims, each of which contain three sub-claims. Specifically, Mr. Stanton is proceeding on (1) one claim for monetary damages, and (2) one claim for injunctive relief, both of which argue the defendants denied him adequate (a) clothing, (b) hot water, and (c) sanitary living conditions. *See* ECF 17. Because the exhaustion analysis is different for each sub-claim, each sub-claim will be addressed in turn.

A. *Clothing*.

Mr. Stanton is proceeding against the defendants on one claim for monetary damages and one claim for injunctive relief for denying him adequate clothing. ECF 17 at 4. Specifically, Mr. Stanton alleged in his complaint that he had been forced to wear the same uniform for up to two months at a time. ECF 16 at 3.

The prison's Grievance Specialist attests Mr. Stanton did not submit any grievances regarding having to wear the same uniform for extended periods of time. ECF 27-1 at 6. In his response, Mr. Stanton provides evidence he submitted several informal grievances regarding being forced to wear the same uniform, but he does not allege or provide any evidence he ever submitted a formal grievance regarding his clothing. *See* ECF 31, ECF 31-1. Thus, because it is undisputed Mr. Stanton did not submit any formal grievances alleging the defendants denied him adequate clothing, the undisputed facts show Mr. Stanton did not exhaust his clothing sub-claims prior to filing this lawsuit. *See* ECF 27-2 at 3 (the Offender Grievance Process requires offenders to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a written appeal to the warden; and (3) a written appeal to the Department Grievance Manager); *Pozo*, 286 F.3d

at 1023 ("unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred"); *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (observing that the purpose of the grievance process is to alert officials to a problem so that corrective action can be taken). Summary judgment is warranted in favor of the defendants on Mr. Stanton's clothing sub-claims.

      B.     *Hot Water*.

Mr. Stanton is proceeding against the defendants on one claim for monetary damages and one claim for injunctive relief for denying him hot water. ECF 17 at 4. Specifically, Mr. Stanton alleged in his complaint that he had no hot water in his cell or in his shower. ECF 16 at 3.

The defendants provide evidence that, on June 3, 2020, Mr. Stanton submitted a formal grievance asserting his shower and his cell did not have hot water. ECF 27-1 at 6; 27-4 at 1. The prison's Grievance Specialist has no record of ever having responded to this grievance. ECF 27-1 at 6. Moreover, the prison's Grievance Specialist attests Mr. Stanton did not follow up regarding this grievance or attempt to appeal the grievance. *Id.* at 7. Because Mr. Stanton does not dispute these facts, the court accepts them as undisputed. *See* ECF 31.

Here, because it is undisputed that (1) the Grievance Specialist never responded to Mr. Stanton's June 3 grievance, and (2) Mr. Stanton did not follow up or appeal this grievance, the undisputed facts show Mr. Stanton did not exhaust his June 3 grievance. Specifically, the Offender Grievance Process provides that "[i]f an offender does not receive either a receipt or a rejected form from the Offender Grievance Specialist within

4

ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact[.]" ECF 27-2 at 9. Moreover, the Offender Grievance Process provides that "[i]f the offender receives no grievance response within twenty (20) business days of the Offender Grievance Specialist's receipt of the grievance, the offender may appeal as though the grievance had been denied." *Id.* at 11. Thus, because it is undisputed Mr. Stanton did not notify the Grievance Specialist that he did not receive a "receipt" or "rejected form" within ten business days of submitting his June 3 grievance, and did not appeal the grievance after twenty days passed without any response, the undisputed facts show Mr. Stanton did not exhaust his June 3 grievance. *See Pozo*, 286 F.3d at 1023. Mr. Stanton does not allege or provide evidence he filed any other formal grievance regarding the lack of hot water in his shower and cell. Thus, summary judgment is warranted in favor of the defendants on Mr. Stanton's hot water sub-claims.

      C.     *Sanitary Living Conditions.*

Mr. Stanton is proceeding against the defendants on one claim for monetary damages and one claim for injunctive relief for denying him adequate sanitary living conditions. ECF 17 at 4. Specifically, Mr. Stanton alleged in his complaint that his cell has "black mold" growing in it and the prison would not provide him with strong enough cleaning supplies to remove the mold. ECF 16 at 3.

The defendants provide evidence that, on October 26, 2020, Mr. Stanton submitted a formal grievance complaining of the presence of black mold in his cell. ECF 27-1 at 6; ECF 27-5. The Grievance Specialist attests he has no record he ever responded to this grievance, and Mr. Stanton did not follow up or appeal this grievance. ECF 27-1 at 6-7.

5

In response, Mr. Stanton provides a copy of a "Return of Grievance" form dated October 29, 2020, which shows the grievance office returned Mr. Stanton's October 26 grievance as unfiled because it complained of a "non-grievable issue". ECF 31-1 at 1. In their reply, the defendants do not dispute Mr. Stanton's October 26 grievance was returned as unfiled. *See* ECF 32. Moreover, the defendants appear to concede Mr. Stanton exhausted his sub-claims regarding sanitary living conditions, as they argue only that "the Court should dismiss Mr. Stanton's claims with respect to the hot water and prison uniform issues[.]" *Id.* at 2. Thus, the motion for summary judgment will be denied as to Mr. Stanton's sub-claims regarding sanitary living conditions.

For these reasons, the court:

(1) GRANTS the motion for summary judgment (ECF 27) with respect to Mr. Stanton's sub-claims the defendants denied him adequate clothing and hot water;

(2) DENIES the motion for summary judgment (ECF 27) with respect to Mr. Stanton's sub-claims the defendants denied him adequate sanitary living conditions; and

(3) REMINDS the parties this case is now proceeding only on Mr. Stanton's claims:

    a. Against Warden John Galipeau, Captain Gary Lewis, Unit Team Manager John Salyer, Unit Team Manager Sonnenberg (first name unknown), Deputy Warden Gann (first name unknown), and Ms. Johnston (first name unknown) in their personal capacities for monetary damages for denying the plaintiff adequate sanitary living conditions by keeping him in a cell with black mold, in violation of the Eighth Amendment; and

    b. Against Warden John Galipeau in his official capacity for permanent injunctive relief related to providing the plaintiff with adequate sanitary living conditions regarding the presence of black mold in his cell, as required by the Eighth Amendment.

SO ORDERED.

January 14, 2022                              *s/ Damon R. Leichty*
                                              Judge, United States District Court